UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:07-00177 |
| | ) | JUDGE GRIFFIN |
| JOHN JOSEPH SONDAY | ) | |

## PETITION TO ENTER A PLEA OF GUILTY

I, JOHN JOSEPH SONDAY, respectfully represent to the Court as follows:

(1) My true full name is JOHN JOSEPH SONDAY. I was born on May 17, 1957, and completed 16 years of formal education.

(2) My retained lawyer is David L. Raybin.

(3) I have received a copy of the Information before being called upon to plead and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in the Information.

(4) I have had sufficient opportunity to discuss with my lawyer the facts and surrounding circumstances concerning the matters mentioned in the Information. My lawyer has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalty for the offense with which I am charged is:

**MISDEMEANOR COUNT:**

    a. as to Count ___1___ :
        I. not more than __1__ year imprisonment;
        ii. restitution of $_94,000.00_____ ;
        iii. a fine of up to $_100,000.00_____ ;

        iv.        a mandatory $25 special assessment, and

        v.        a term of supervised release of not more than __1__ year in addition to such term of imprisonment.

(6)    I have been advised that I will be sentenced to a sentence sufficient but not greater than necessary to satisfy the goals of sentencing specified in 18 U.S.C. § 3553(a). One consideration will be Guidelines established by the United States Sentencing Commission. I understand that these Guidelines are advisory, but that the Court must take account of the Guidelines together with other sentencing goals. My lawyer and I have discussed the calculation of the Guidelines in my case. My lawyer has given me an estimate of the Guidelines range that may apply in my case. I realize that this is simply my lawyer's estimate. I understand that my advisory Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case. This estimation is subject to challenge by either me or the government, unless prohibited by a plea agreement. The final Guideline calculation will be made by the Court. I further understand that I may be sentenced to a fine to be calculated through the Guidelines. No fine will be imposed if the Judge finds me unable to pay any fine. Considered in this fine may be the amount of financial loss to the victim or gain to me, as well as the costs of any confinement or probation supervision. The Court may also order that restitution be made to any victim of the offense. [If I am convicted of any offense specified in 18 U.S.C. § 3663A(c), or as otherwise required by law, restitution is mandatory.] I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit unless waived in the plea agreement.

(7)    I understand that I am not eligible for a sentence of probation if I receive any sentence of imprisonment or am convicted of a Class A or Class B felony punishable by 20 or more years imprisonment. I have been informed that under the present federal sentencing system there is no parole. I will receive only 54 days good time credit per year and it will not vest until the end of each year. I further understand that if I am sentenced to a period of supervised release and I violate the terms of that supervised release, upon revocation I could be imprisoned again.

(8)    I understand that should this plea of guilty be accepted, I will be convicted of a federal misdemeanor in the eyes of the law for the rest of my life. This means, under present law that:

(a)    If I am presently on probation, parole, or supervised release - whether state or federal - the fact that I have been convicted may be used to revoke my probation, parole or supervised release regardless of what sentence I receive on this case;

(b)    If I am convicted of any crime in the future - whether state or federal - this conviction may be used to increase that sentence;

(c) I may have to disclose the fact that I was convicted of a federal misdemeanor when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others.

I understand that this list may not include all of the adverse consequences of my conviction in this case.

(9) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the Constitution guarantees me

(a) the right to a speedy and public trial by jury;

(b) the right not to testify and no implication of guilt would arise by my failure to do so;

(c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury;

(d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me;

(e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so;

(f) the right to have the assistance of counsel in my defense at all stages of the proceedings;

(g) if I am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent.

I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count to which I plead just as if a jury found me guilty of the charge(s) following a trial. The Court may then impose sentence upon me within the limits set forth in any plea agreement stated in paragraph (13), subject to the maximum punishments set forth in paragraph (5).

(10) No officer or agent of any branch of government (federal, state or local), nor any other person, has guaranteed me what sentence I will receive. If there are any agreements between myself and my lawyer and the prosecution concerning my plea they are fully set forth in paragraph (13) below. I understand that even with a plea agreement no person can bind the Judge to give any particular sentence in my case. If the Judge rejects an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) or (C), I will be offered the opportunity to withdraw my guilty plea. If the Judge rejects a recommendation made pursuant to Rule 11(c)(1)(B), I have no right to withdraw my plea. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated.

(11) My lawyer has done all the investigation and research in this case that I have asked him to do, and has reviewed with me the discovery material provided by the Government. I am satisfied with his representation at this point.

(12) Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows:

(13) This plea is a result of a plea agreement between my lawyer and the prosecution under the provisions of Rule 11 of the *Federal Rules of Criminal Procedure*. The plea agreement is as set forth in the attached pleading incorporated by reference herein.

(14) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyer has explained to me, and I feel and believe I understand this petition.

(15) I am not under the influence of either drugs or alcohol.

(16) I request the Court to enter now my plea of "GUILTY" as set forth in paragraph (12) of this petition, in reliance upon my statements made in this petition.

(17) Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyer, this the 13th day of December, 2007.

X _____
JOHN JOSEPH SONDAY, Defendant

## ACKNOWLEDGEMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement are accurately stated.

_____
HILLIARD HESTER
Attorney for Government

5

## CERTIFICATE OF COUNSEL

The undersigned, as lawyer and counselor for JOHN JOSEPH SONDAY, hereby certifies as follows:

(1) I have read and fully explained to JOHN JOSEPH SONDAY all the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is in all respects accurate and true;

(3) In my opinion the plea of "GUILTY" as offered by JOHN JOSEPH SONDAY in paragraph (12) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (12) of the foregoing petition.

Signed by me in open court in the presence of JOHN JOSEPH SONDAY this the 13 day December, 2007.

DAVID L. RAYBIN
Attorney for the Defendant

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>JOHN JOSEPH SONDAY ) | NO. 3:07-00177<br>JUDGE GRIFFIN |

## ORDER

Good cause appearing therefore from the foregoing petition of the foregoing named Defendant and the certificate of his counsel and for all proceedings heretofore had in this case, it is ORDERED that the Petition be granted and the Defendant's plea of "GUILTY" be accepted and entered as prayed in the Petition and as recommended in the certificate of counsel.

Done in open court this __13th__ day of December, 2007.

JULIET GRIFFIN
UNITED STATES MAGISTRATE JUDGE

7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) No. 3:07-00177 |
| v. | ) Magistrate Judge Griffin |
| | ) |
| JOHN J. SONDAY | ) |

## PLEA AGREEMENT

The United States of America, through Paul M. O'Brien, Acting United States Attorney for the Middle District of Tennessee with respect to this case; Hilliard Hester, Assistant United States Attorney; defendant, John J. Sonday, and defendant's counsel, David Raybin, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

### Charges in This Case

1. The United States and Defendant acknowledge that he has been charged in the information in this case with the offense of injuring property being manufactured for the United States, in violation of Title 18, United States Code, Section 1361. The parties specifically agree that as the information does not allege property damage in excess of $1000, it therefore charges a misdemeanor violation of Title 18, United States Code, Section 1361. The parties further acknowledge and intend that defendant will be entering a guilty plea to a misdemeanor violation of Title 18, United States Code, Section 1361. However, as addressed hereafter, the parties further acknowledge and agree that for the sole and exclusive purpose of determining restitution and calculating defendant's advisory guidelines sentencing range, the intended loss in this case did

exceed $1000, and that the full amount of intended loss agreed to hereafter may and should be considered for those purposes.

2. Defendant has read the charge against him contained in the information, and that charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the above misdemeanor charges as set forth in the information, which is intended by the parties to address and resolve all potential federal charges with regard to criminal conduct by defendant of which the government is now aware.

### Penalties

4. The parties understand and agree that the misdemeanor offense to which defendant will enter a plea of guilty carries the following maximum terms of imprisonment and fines: one year of imprisonment; one year of supervised release; a fine of $100,000; a special assessment of $25; and restitution.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 3:07-00177.

6. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

2

(a) If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause when actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charge(s) beyond a reasonable doubt; that it could not convict defendant on the charge(s) in the indictment unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses

3

for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

   (e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

  7. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial.

  8. The parties have no reason to believe that defendant suffers from any mental health or physical problems that would affect his competency to plead guilty.

## Factual Basis

  9. Defendant will plead guilty because he is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

  In or about April 2003, defendant, doing business as Accurate Energy Systems in the Middle District of Tennessee, entered into a contract and agreement to provide certain explosive materials for shoulder fired rockets which had been requested by and were being manufactured for use by the United States Navy, for the contract price of $94,000. Defendant agreed to comply with the exact specifications provided for the materials, which were conveyed to him in a purchase order that required the use of a chemical mixture known as RDX Type II. However, defendant thereafter intentionally and knowingly directed and caused his employees to

substitute RDX Type I for RDX Type II in the materials he had agreed to supply for this weaponry, which he knew did not meet the specifications conveyed. In or about May 2003, defendant falsely certified that the materials he had manufactured complied with the applicable specifications.

Several employees learned of this non-compliance and thereafter reported this matter to federal authorities. The materials in question were tested and found to contain RDX Type I instead of RDX Type II. As a result, the items being manufactured for the United States Navy were injured in that the materials as altered by defendant were not viewed by the Navy as suitable for their intended use, or of value to the Navy.

10. This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

## Sentencing Guidelines Calculations

11. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with other sentencing goals, and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2007.

12. For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant agree on the following points:

5

(a) **Offense Level Calculations.**

i. The base offense level for the count of conviction is 6, pursuant to U.S.S.G. § 2B1.1

ii. The offense level will be increased by 8 per §2B1.1(b)(1)(E), as the intended loss was more than $70,000 but less than $120,000.

iii. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a)

iv. The parties agree that no additional upward or downward adjustments are appropriate.

(b) **Criminal History Category.** Based upon the information now known to the government, including representations by the defense, defendant has no relevant criminal history.

(c) **Anticipated Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 12, which, combined with the anticipated Criminal History Category of I, would result in an anticipated advisory sentencing range of 10-16 months imprisonment **(the "Anticipated Guidelines Range")** and a fine range of $3000 to $30,000. Defendant understands that the guidelines range as ultimately determined by the Court (the "applicable guidelines range") may be different from the Anticipated Guidelines Range. The parties agree, however, that notwithstanding the applicable advisory guidelines sentencing range, no more than 12 months of imprisonment could be imposed given

6

that the charge to which defendant is pleading guilty is a misdemeanor and the statutory maximum penalty is 12 months of imprisonment.

(d) Defendant is aware that any estimate of the probable advisory sentencing range that defendant may have received from defendant's counsel, the United States, or the Probation Office is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Defendant understands that the Probation Office will conduct its own investigation, that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final U.S.S.G. calculations and thus the applicable guidelines range. Accordingly, the validity of this agreement is not contingent upon the Probation Officer's or the Court's concurrence with the above calculations. In the event that the Probation Office or the Court contemplates any U.S.S.G. adjustments, departures, or calculations different from those recommended above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same. Defendant further acknowledges that if the Court does not accept the U.S.S.G. recommendations of the parties, defendant will have no right to withdraw his guilty plea.

## Agreements Relating to Sentencing

13. The parties agree that a sentence within and at the low end of the anticipated range is reasonable and appropriate, and neither party will request a sentence outside of the applicable guidelines range by virtue of either a U.S.S.G.-based departure or the factors set forth in 18 U.S.C. §3553(a). The parties agree that if the Court finds the anticipated range is correct, the parties will jointly recommend that the Court impose a sentence that includes five (5) months

of incarceration and five (5) months of home confinement, which is a sentencing structure within and available under the anticipated guidelines range.

14. It is understood by the parties that the Court is neither a party to nor bound by this Plea Agreement and, after consideration of the Sentencing Guidelines, may impose the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea. Similarly, defendant understands that any recommendation by the Court related to location of imprisonment is not binding on the Bureau of Prisons.

15. Regarding restitution, the parties acknowledge and agree that the amount of restitution involved in this matter is $94,000, and that pursuant to Title 18, United States Code, Section 3663A the Court must order defendant to make restitution in this amount, minus any credit for funds already repaid or that are repaid prior to sentencing. Restitution shall be due immediately.

16. Defendant agrees to pay the special assessment of $25 at or before the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

## Presentence Investigation Report/Post-Sentence Supervision

17. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The

8

government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

18. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

19. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

### Waiver of Appellate Rights

20. Defendant further understands he is waiving all appellate rights that might have been available if he exercised his right to go to trial. It is further agreed that (i) defendant will

not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Anticipated Guidelines Range and (ii) the government will not appeal any sentence within or above the Anticipated Guidelines Range. This provision is binding on the parties even if the Court employs a U.S.S.G. analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulated U.S.S.G. analysis. Such waiver does not apply, however, to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.

21. Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

22. Defendant understands that the information and this Plea Agreement will be filed with the Court, will become matters of public record, and may be disclosed to any person.

23. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may move to resentence defendant or require defendant's specific performance of this Plea Agreement.

10

24. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement, to cause defendant to plead guilty.

25. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

26. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

27. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending information. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 12-13-2007

John J. Sonday
Defendant

28. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have

11

reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: Dec 13 07

Counsel for Defendant

Respectfully submitted,

Paul M. O'Brien
Acting United States Attorney

By: _____
Hilliard Hester
Assistant U.S. Attorney

_____
Sam Williamson
Deputy Criminal Chief