# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE #: 3:07-00177** |
| V. | |
| JOHN JOSEPH SONDAY | David L. Raybin, Esq.<br>DEFENDANT'S ATTORNEY |

**THE DEFENDANT:**

[X] pleaded guilty to count one (1) of the one-Count Information.

Accordingly, the Court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1361 | Injuring Government Property | May 2003 | 1 |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States District Court for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's S.S. #: xxx-xx-4694
Defendant's D.O.B.: 1957
Defendant's USM #: 18545-075

March 4, 2008
Date of Imposition Sentence

Signature of Judicial Official

Juliet Griffin, U.S. Magistrate Judge
Name & Title of Judicial Official

Defendant's Mailing/Residence Address:

As provided to U.S. Probation

Date: March 5, 2008

Defendant: SONDAY, JOHN JOSEPH
Case Number: 3:07-00177

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>five (5) months</u>.

The Court makes the following recommendations to the Bureau of Prisons:

<u>If the defendant is not placed at a community corrections facility, the Court recommends that the defendant be designated to FCI Memphis/Millington, the closest federal minimum security facility to his home, wife and children.</u>

[X] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

    [X] before 2 p.m. on or before April 21, 2008.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____Defendant delivered on

_____ to _____,

with a certified copy of this judgment.

    _____
    United States Marshal

    By _____
    Deputy Marshal

Page 2 of 7
Case 3:07-cr-00177  Document 16  Filed 03/06/08  Page 2 of 6 PageID #: 43

DEFENDANT: SONDAY, JOHN JOSEPH
CASE NUMBER: 3:07-00177

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>five (5) months</u>.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance.

[X]    The drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court(set forth below). The defendant shall also comply with the additional, special conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) the defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;

14) the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

DEFENDANT: SONDAY, JOHN JOSEPH
CASE NUMBER: 3:07-00177

# SUPERVISED RELEASE

# SPECIAL CONDITIONS

1. Defendant shall be on home detention and shall remain at his residence at all times except for approved absences for gainful employment, community service, religious services, medical care or treatment needs and such other times as specifically authorized by the Probation Officer. Defendant's compliance shall be monitored by telephone voice recognition technology, the costs for which the defendant shall be responsible.

2. The defendant shall pay two hundred ninety-four dollars and sixty cents ($294.60) as costs of his supervision by the conclusion of this term of supervised release.

3. The defendant shall provide the U.S. Probation Office access to any requested financial information.

4. The defendant shall maintain verifiable employment subject to the approval of the U.S. Probation Office, and shall provide any documentation requested by the probation office.

5. The defendant is prohibited from owning, carrying, or possessing firearms, destructive devices, or other dangerous weapons except for lawful business purposes associated with Accurate Energetic Systems, LLC.

DEFENDANT: SONDAY, JOHN JOSEPH
CASE NUMBER: 3:07-00177

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | Fine | Restitution | Cost of Supervision |
|---|---|---|---|---|
| Totals: | $ 25.00 | $3,000.00 | $94,000.00 | $294.60 |

*The special assessment has already been paid*

| Name of Victim | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage of Payment |
|---|---|---|---|

*Restitution has already been paid*

| Totals: | $ | $ | |
|---|---|---|---|

The defendant shall pay interest on any fine or restitution of more than $ 2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

DEFENDANT:      SONDAY, JOHN JOSEPH
CASE NUMBER:    3:07-00177

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) community restitution; (6) fine interest; (7) penalties, and (8) costs, including cost of prosecution and court costs.

Having assess the defendant's ability to pay, payment of the total fine and other criminal monetary penalties shall be due as follows:

A    [X] Lump sum payment of $3,000.00 due by March 17, 2008


Special Instructions regarding the payment of criminal monetary penalties:

The special assessment and restitution have already been paid. The cost of supervision, $294.60, shall be paid before the conclusion of the term of supervised release.


[X] The defendant shall not be responsible for payment of the cost of imprisonment.